IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMIE SHAWN CONNELL,
    Plaintiff,

vs.                                                Case No: 5:07cv77/MCR/EMT

REGIONS BANK,
    Defendant.
_____/

## ORDER, REPORT & RECOMMENDATION

        This cause is before the court upon Plaintiff's filing a motion for extension of time to file an amended complaint (Doc. 7) and his amended complaint (Doc. 8). The filing fee has been paid (*see* Doc. 5). Upon review of the amended complaint, the court has concluded that Plaintiff has failed to establish a jurisdictional basis for this action; therefore, this case should be dismissed.

        Plaintiff names Regions Bank, located in Niceville, Florida ("the Bank"), as the sole Defendant in this action (Doc. 8 at 1, 2). Plaintiff states that he had a savings account with the Bank from 1997 to February of 1999 (*id*. at 2). He states that from 1997 to July of 1998, he received worker's compensation benefits from Travelers Insurance Company in the amount of $557.78 per month, and he left $25.00–50.00 in his savings account when he cashed each check (*id*.). In May of 1998, he received a lump sum payment of Social Security Disability (SSD) benefits in the amount of $59,921.80, and was notified that he would be receiving monthly disability payments in the amount of $721.80 (*id*. at 2–3). In December of 1998, Plaintiff was notified that he qualified to receive Supplemental Security Income (SSI) in the amount of $350.00 per month, and he would begin receiving benefits in January of 1999 (*id*. at 5–6).

        Plaintiff states he made withdrawals from his savings account at the Bank as well as its branch office in Freeport, Florida (*id*. at 4). Plaintiff additionally states that he asked the tellers for

assistance in completing the withdrawal slips, and from September of 1998 to January of 1999, the teller at the Freeport branch wrote the account number of Plaintiff's mother's checking account instead of Plaintiff's savings account number on the withdrawal slips (*id*.). Plaintiff states that he became incarcerated on January 26, 1999, and thereafter received notice from the Social Security Administration that he was required to reimburse them for SSD benefits paid in February of 1999 because he was not entitled to receive benefits while he was incarcerated (*id*. at 4). Plaintiff contacted the Bank, and the Bank informed him that his savings account had been closed (*id*.). Plaintiff alleges he never closed his account, nor did he receive the disability benefits for February of 1999 (*id*. at 6).

Plaintiff appears to claim that the Bank committed the criminal offenses of bank fraud, misapplication of bank funds, and making false entries in his bank records (*id*. at 6). As relief, he requests that this court order the Bank to produce all records of transactions in his account from 1997 to February of 1999 (*id*. at 7).

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (citing Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.")).

In Bell v. Hood, 327 U.S. 678, 66 S. Ct. 773, 90 L. Ed. 939 (1946), the Supreme Court ruled that a claim alleged to arise under federal law should not be dismissed for lack of subject matter jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." *Id.* 327 U.S. at 685. Thus, "a federal court may dismiss a federal question claim

for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." Blue Cross & Blue Shield of Alabama v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (quoting Bell, 327 U.S. 678). Under the latter Bell exception, subject matter jurisdiction is lacking only "if the claim 'has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim.'" Barnett v. Bailey, 956 F.2d 1036, 1041 (11th Cir. 1992) (quoting Olivares v. Martin, 555 F.2d 1192, 1195 (5th Cir.1 977)); *see also* McGinnis v. Ingram Equipment Co., Inc., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) ("The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather the test is whether 'the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'") (quoting Dime Coal Co. v. Combs, 796 F.2d 394, 396 (11th Cir. 1986)).

The burden is on the party asserting jurisdiction to allege facts showing that jurisdiction exists. *See* Thomson v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)). Indeed, Rule 8(a)(1) of the Federal Rules of Civil Procedure provides that a pleading shall contain a short, plain statement of the grounds upon which the court's jurisdiction depends. Fed. R. Civ. Pro. 8(a)(1).

This court previously advised Plaintiff that he must state the jurisdictional basis for his complaint (*see* Doc. 6). In his amended complaint, Plaintiff cites 28 U.S.C. §§ 1331 and 1332 as the basis for this court's jurisdiction (Doc. 8 at 1); however, he does not allege a violation of the Constitution or federal law, nor does he allege that Defendant is not a citizen of Florida. Although Plaintiff cites United States v. Riddle, 103 F.3d 423 (5th Cir. 1992), thereby suggesting Defendant or its employees may have engaged in bank fraud, misapplication of bank funds, and making false entries in his bank records, that case was criminal in nature, involving violations of 18 U.S.C. §§ 656, 1005, and 1344. Plaintiff may not bring a civil action for violations of those statutes because they are criminal statutes, and none of them create a private right of action. *See* Daviditis v. National Bank of Matoon, 262 F.2d 884, 886 (7th Cir. 1959) (18 U.S.C. § 1005 pertains to criminal proceedings and in no way confers jurisdiction as to the civil controversies described in the complaint); Milgrom v. Burstein, 374 F. Supp. 2d 523 (E.D. Ky. 2005) (no private right of action

exists for violation of federal bank fraud statute); <u>Park Nat. Bank of Chicago v. Michael Oil Co.</u>, 702 F. Supp. 703 (N.D. Ill 1989) (same).   Because Plaintiff has failed to state a basis for federal jurisdiction, this action should be dismissed.

Accordingly, it is **ORDERED**:

That Plaintiff's motion for extension of time to file an amended complaint (Doc. 7) is **DENIED as moot** since Plaintiff filed an amended complaint (Doc.  8).

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of subject matter jurisdiction.

At Pensacola, Florida, this 27th day of June 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**